OPINION OF THE COURT
Edward J. Greenfield, J.
Motions under Calendars Nos. 131 and 132 of November 10, 1981 are consolidated for disposition.
This article 78 proceeding seeks to enjoin respondents from taking any steps to close down the premises 272, 274, and 278 East Seventh Street, to include denying petitioners heat, water and other essential services. Respondents cross-move to dismiss and move to vacate and set aside the stay of summary holdover proceedings in the Civil Court pending the hearing of this article 78 proceeding.
This application concerns the implementation of policies adopted by the City of New York and the Department of Housing Preservation and Development. Title to the subject premises vested in the city through in rem tax foreclosure. The buildings were transferred by the Division of Real Property to the respondent, Department of Housing Preservation and Development. The City of New York has adopted a consolidation program designed to vacate under- *784 occupied, deteriorated, city-owned buildings and to relocate the tenants to better city-owned buildings in the same neighborhood. The purpose of this program is to save the city money by closing down underoccupied buildings, reducing fuel consumption and costly repairs, and to insure the tenants of these buildings decent housing through relocation to better buildings with a higher occupancy rate. The criterion for consolidation is close down any building, less than 50% occupied, lacking in at least one essential service, with repair cost higher than budget limitations allow. In the subject premises, at inspection there were “approximately six bona fide tenants in the three buildings out of 72 residential units.” Therefore, the buildings were placed in the consolidation program in 1979 and no apartments were thereafter rented by the department. However, after being placed in consolidation some 50 persons have moved into the buildings without the city’s permission. The city wishes to relocate the bona fide tenants. Petitioners seek to compel the city to maintain the buildings based upon numerous hours of work they have undertaken to restore the premises to some sort of habitable state.
The city has the right, duty and authority to implement the consolidation program which is the subject of this proceeding, and the city has adopted fair and reasonable criteria to determine which buildings should be consolidated. (See, e.g., People v Whidden, 51 NY2d 457.) In an article 78 review, the court’s function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body (Rochester Tel. Corp. v United States, 307 US 125). In this action, it appears that the respondents followed the rational criteria it has established to determine which buildings were to be a part of the consolidation program. Accordingly, there is a rational and supportable basis for respondents’ decision, and it is therefore conclusive (Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269; Matter of Swalbach v State Liq. Auth., 7 NY2d 518).
Many of the petitioners are squatters, having illegally moved in after the consolidation order. The petitioners have not demonstrated that these squatters have paid any rent in the two years in which they occupied the premises. *785 They cannot de facto gain recognition in law in this proceeding. The commissioner’s refusal to meet with them is proper. Petitioners have no right under the law to request the relief they seek.
Accordingly, the petition is denied and the cross motion to dismiss is granted. The motion to vacate the stay of summary holdover proceedings in the Civil Court is granted. Settle judgment providing for the relocation of all bona fide tenants.